[Civ. No. 89.   Second Appellate District.—January 11, 1906.]

## JOHN P. COYNE, Respondent, v. SAMUEL BAKER, Appellant.

NEGLIGENCE—PHYSICIAN—FALSELY TESTIFYING TO INSANE CONDITION OF PATIENT—PLEADING.—In an action by a physician to recover for his services rendered in pursuance of an express contract, whereby he undertook to make an examination of the physical and mental condition of the defendant, and to testify thereto as a medical expert before a commissioner, an answer which alleges that by reason of gross negligence, ignorance or carelessness of the plaintiff in diagnosing the case, he falsely testified that the defendant was insane and that the defendant was damaged thereby, states a good defense to the action, and should not be stricken out.

PLEADING DEFENSE—CROSS-COMPLAINT—ANSWER—DEMURRER.—Error in sustaining a demurrer to a cross-complaint becomes immaterial if the same defense is set up in and could be made fully available by answer.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.   M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, for Appellant.

A. D. Laughlin, and Fred E. Burlew, for Respondent.

SMITH, J.—Appeal from a judgment for the plaintiff and an order denying the defendant's motion for a new trial.   The plaintiff sues as assignee of H. G. Brainerd, a physician; but

it appears from his testimony that the claim was assigned to him for collection only, and that he has no interest therein except for such commission as he may be entitled to for collection. The complaint contains two counts, the first on a *quantum meruit* for the sum of $400 "for services as a physician rendered and performed by said Brainerd to said defendant," etc., and the second for the same sum on a parol contract, whereby it was agreed that Brainerd, "as such physician, was to make examination of said defendant as to his physical and mental condition, consult with other physicians with reference thereto, and give his opinion thereof as a medical expert in evidence" before a commissioner. In the answer it was pleaded to the first count "that the alleged cause of action arose out of an implied contract for the payment of witness' fees in a matter wherein said . . . Brainerd appeared as a witness," etc., "wherein in testifying as such witness, and by reason of gross negligence, ignorance and carelessness in diagnosing the case, said Brainerd testified that this defendant was technically insane, or words to that effect, all of which was untrue, and thereby greatly injured and damaged said defendant," etc., "and that by reason of such gross negligence, ignorance and carelessness the testimony of said . . . Brainerd was of no value, but, on the contrary, was of great damage to this defendant, to wit, the sum of a thousand dollars," etc. The same defense was interposed to the second count; but, on the motion of the plaintiff, was stricken out by the court.

Why the defense, which was equally admissible or inadmissible as to both counts, was allowed as to the one and excluded as to the other is not explained by the record. But if the defense to the second count was good, it was error to strike it out, and we are of the opinion that the defense was, in fact, sufficient, and that the defendant should have been allowed to prove it.

There was also a cross-complaint in the suit setting up substantially the facts set up in the answer, to which a demurrer was sustained. But, as the defense could be made fully available by answer, the ruling on the demurrer, if erroneous, was immaterial.

The judgment and order appealed from are reversed.

Gray, P. J., and Allen, J., concurred.